```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/14/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ELI COHEN and TAMAR FREUDMANN,

                Plaintiffs,

       vs.

ROSLINGATE COMPANY, LLC, and ROSE
ASSOCIATES, INC.

                Defendants.
-----------------------------------------------------------x

Case No: 09-CV-05926 (RPP)

**STIPULATION AND ORDER OF CONFIDENTIALITY**

IT IS HEREBY STIPULATED AND AGREED, by and among Plaintiffs Eli Cohen and Tamar Freudmann ("Plaintiffs") and Roslingate Company, LLC and Rose Associates, Inc. ("Defendants"), and their respective attorneys, collectively (the "parties") that the following provisions shall govern discovery of Confidential Material produced by the parties in the above-captioned action ("Action"):

## "CONFIDENTIAL" DISCOVERY

To the extent required under the Federal Rules of Civil Procedure, the parties and health care professionals may produce Confidential Material in this litigation. "Confidential Material" shall be defined to include, without limitation, sensitive, personal or proprietary information, or other non-public information, such as medical records, that would reasonably be subject to protection. All materials related to Plaintiffs' health, including those which are received as a result of Plaintiffs' authorization for release of health information pursuant to HIPPA shall be considered "Confidential Material."

    1. The parties have agreed that those materials produced by the parties shall be produced under the following terms and conditions:

2

(a)  All documents or materials containing Confidential Material shall be marked "Confidential Material" by the party producing materials (the "Producing Party") during the course of discovery in this Action or when providing the Confidential Materials to this Court or any other court. Any designation of Confidential Material that is inadvertently omitted subsequent to the entry of the Stipulation and Order of Confidentiality may be corrected by written notification to opposing counsel. Deposition or hearing testimony may be designated as Confidential Material by an appropriate statement on the record at the time when such testimony is given or upon subsequent written notification to all counsel of record within five (5) days of the receipt of the transcript. The court reporter shall be instructed to transcribe the testimony so designated, bind therewith the confidential exhibits to which the testimony refers and mark the face of the bound transcript with the words "Confidential Pursuant to Stipulation and Order of Confidentiality." Exhibits which are deemed Confidential Material shall be so designated by stamping the exhibit accordingly.

(b)  No designation of Confidential Material shall be made unless the Producing Party believes in good faith that it falls within the definition of Confidential Material set forth herein.

2.  The Producing Party will provide Confidential Material only to counsel of record for any party and with the express understanding that counsel shall not disclose confidential information except to:

> (a)  The Court and its employees and court reporters engaged in preparing transcripts of testimony or hearings for this Action;
> 
> (b)  Outside or in-house legal counsel of the parties and counsels' support personnel who are working on this Action and whose functions require

3

    access to such Confidential Materials, and any insurance adjusters who are working on this Action;

 (c) Deposition witnesses in this action when the document or thing at issue concerns the witness, and the witness agrees to be bound by the provisions of this Stipulation and Order and executes Exhibit A appended hereto;

 (d) Independent experts and their employees retained by any of the parties to this Action or their counsel who are assisting in either the prosecution or defense of this Action and whose functions require access to such Confidential Materials.

3. Counsel of record for the parties may grant the parties access to review Confidential Material solely as necessary to prepare for the prosecution or defense of this Action and any appeals thereto, and counsel of record must retain exclusive custody and control over Confidential Materials at all times. Counsel of record shall not distribute and the parties shall not receive originals, copies, or summaries related to Confidential Material, and the parties shall not take notes, make copies or otherwise take possession of Confidential Materials at any time.

4. Nothing contained herein shall prejudice the right of any party to object to any other party's designation of material as Confidential Material or to seek from the Court modification of this Stipulation and Order Regarding Confidential Material ("Stipulation and Order").

5. Each person referenced in paragraphs 2(c) (witnesses) and 2(d) (experts) and 3 (parties) shall agree in advance to be bound by the Stipulation and Order by signing a certificate in the form annexed hereto as Exhibit A. Counsel disclosing Confidential Materials to any such persons shall keep the original of each executed certificate.

4

6. All Confidential Material shall be used solely for the prosecution or defense of the claims in this Action, any appeals thereto, and any judicial proceeding seeking the clarification, modification or vacation of any award rendered therein and not for any other purpose, unless otherwise provided by law.

7. Counsel for the parties shall use reasonable efforts to prevent the disclosure of Confidential Material in its possession or under its control, except in accordance with the terms of this Stipulation and Order.

8. In the event that counsel for any party determines to file with the Court any document subject to the provisions of this Stipulation and Order containing Confidential Material or to submit to the Court any such document or the information contained therein for any purpose, such document or information shall be submitted under seal. The following notice shall be affixed to any envelope containing Confidential Material filed with the Court:

> CONFIDENTIAL
>
> This envelope contains documents or information designated Confidential Material pursuant to an order entered by the United States District Court for the Southern District of New York. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this case.

Confidential Material shall be kept under seal to be opened only as the Court shall direct, unless the Producing Party is given six (6) business days advance written notice by hand or fax of an intention to file such document with the Court or to submit it in open court, so that the Producing Party may have a reasonable opportunity to apply to the Court for a further protective order, if necessary.

9. If any party, person or entity receiving Confidential Material receives a subpoena or other compulsory process from any person or entity seeking production or other disclosure or Confidential Material, such party shall give prompt written notice of that subpoena or process to the Producing Party. The purpose of this paragraph is to give the Producing Party an opportunity to intervene and object to the production. However, nothing hereunder will prevent any party from complying with any subpoena or court order.

10. If at any time a party objects to a designation of documents or information as Confidential Material under this Stipulation Order, the objecting party may notify the Producing Party in writing. The notice shall identify the documents or information in question, and shall specify in reasonable detail the reason for the objection. The parties shall endeavor to resolve any such objections informally. If no resolution is achieved, the party objecting may move the Court for a ruling on the confidentiality of the information. In the event that such an application is ultimately made, the burden of establishing the discovery material at issue was appropriately designated shall be on the party who so designated it. The designated materials shall be deemed Confidential Material, until the issue is resolved by the Court.

11. This Stipulation and Order shall remain in full force and effect until modified, superseded, or terminated by consent of the parties or by order of the Court and shall survive the termination of this Action, and shall not preclude the presentation of evidence, exhibits or testimony at trial.

12. Except as otherwise agreed in writing by the parties, at the conclusion of his Action, whether the Action be settled, otherwise resolved in full prior to trial, or on the merits, all material which has been designated as Confidential Material and that is still the subject of the protections afforded herein, and all copies thereof, produced by the Producing Party or otherwise

6

obtained through discovery in this action shall be promptly returned to the Producing Party, or, at the written request of the Producing Party, destroyed. The Producing Party will retain one set of "Confidential Material" produced by it for a period of at least one year following the conclusion of this action and any appeals arising therefrom. Thereafter, the Producing Party may dispose of such retained materials in the ordinary course of business as part of its routine document disposal procedure.

13. The specification of appropriate safeguards concerning evidence at trial is specifically reserved for action by the Court or later agreement by the parties at or before trial.

14. For the purposes of this Stipulation only, the parties agree to be subject to the jurisdiction of the Court and to be bound by the terms of this Stipulation and Order.

Dated: New York, NY
      October 1, 2009

SIMPSON THACHER & BARTLETT LLP

_____
James Gamble, Esq.
Riley Mendoza, Esq.
425 Lexington Avenue
New York, NY 10017

*Attorneys for Plaintiffs Eli Cohen and Tamar Freudmann*

LEBENSFELD BORKER SUSSMAN & SHARON LLP

_____
Stephen Sussman, Esq.
Victor Rivera Jr., Esq.
Lebensfeld Borker Sussman & Sharon LLP
2 Penn Plaza, Suite 1980
New York, NY 10121

*Attorneys for Defendants Roslingate Company, LLC and Rose Associates, Inc.*

SO ORDERED:

_____
RICHARD P. PATTERSON, U.S.D.J.

10/14/09
DATE

8

## EXHIBIT A

By signing this certificate, you agree to be bound by the October 1, 2009 Stipulation and Order of Confidentiality in the matter of Eli Cohen and Tamar Freudmann v. Roslingate Company, LLC and Rose Associates, Inc. (09-CV-05926 (RPP)). You agree not to retain originals, copies, summaries or other information related to Confidential Material, and you agree not to take notes, make copies or otherwise take possession of Confidential Materials at any time.

_____
NAME

_____
SIGNATURE

_____
DATE